**No. 50402.**—Protest 98773–K of Italian Furniture Frame Corp. (New York).

Opinion by Ekwall, J. At the trial plaintiff testified that the merchandise on which the collector assessed duty arrived on another entry, but admitted no claim for shortage was filed. Government contended that due to noncompliance with article 813, Customs Regulations of 1937, the importer is not entitled to recover. Under the rulings laid down in *Joseph Dixon Crucible Co.* v. *United States* (14 Cust. Ct. 71, C. D. 914), and Abstract 50268, it was found that the importer's failure to comply with the regulations does not preclude him from recovery where, as in the instant case, sufficient evidence has been produced to sustain the claim that the merchandise found in excess was enumerated on the invoice in an unexamined case and that duty was paid upon the same. The protest was therefore sustained.

**No. 50403.**—Protest 98771–K of Italian Furniture Frame Corp. (New York).

Opinion by Ekwall, J. Government contended that due to noncompliance with article 813, Customs Regulations of 1937, the importer is not entitled to recover. Under the rulings laid down in *Joseph Dixon Crucible Co.* v. *United States* (14 Cust. Ct. 71, C. D. 914), and Abstract 50268, it was found that the importer's failure to comply with the regulations does not preclude him from recovery where sufficient evidence has been produced to sustain the claim that the merchandise found in excess was enumerated on the invoice in an unexamined case and that duty was paid upon the same. The protest was therefore sustained as to the following merchandise covered by entry 745478: Sofa, item 7068; table tops; item 8008–A; and 15 parts of suites, item 7129. As to all other claims and all other merchandise the protest was overruled.